CT Corporation

**Service of Process Transmittal**
07/06/2020
CT Log Number 537900277

**TO:** KIM LUNDY SERVICE OF PROCESS
WALMART INC.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** Process Served in Florida

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | White Isolyn, Pltf. vs. Walmart Inc. and Wal-Mart Stores East, LP, Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020013850CA01 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/06/2020 at 16:07 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/07/2020, Expected Purge Date: 07/12/2020<br><br>Image SOP<br><br>Email Notification,  KIM LUNDY SERVICE OF PROCESS  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Mon, Jul 6, 2020 |
| **Server Name:** | Crystal Michelin |
| **Location:** | Hollywood, FL |

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 202013850ca-01 |
| Jurisdiction | FL |



IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2020-013850-CA-01

ISOLYN WHITE,

      Plaintiff,

v.

WALMART INC. and WAL-MART STORES EAST, LP,

      Defendants.
_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the complaint or petition in this action, and accompanying documents, if any, on Defendant:

**WAL-MART STORES EAST, LP**

By serving:    C T CORPORATION SYSTEM (registered agent)
                   1200 SOUTH PINE ISLAND ROAD
                   PLANTATION FL 33324

Each defendant is required to serve written defenses to the complaint or petition on WHITNEY PAGE, ESQUIRE, Plaintiff's attorney, whose address is:

Law Offices of Jason Turchin
2883 Executive Park Drive, Suite 103
Weston, Florida 33331
Telephone: (954) 515-5000
Litigatio2n@victimaid.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the Seal of said Court this ____ day of ___7/1/2020___, 2020.

Harvey Ruvin
As Clerk of said Court
By: _____308760_____
As Deputy Clerk
[COURT SEAL]

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator no later than seven days prior to the proceedings. Telephone (305) 375-2006 for assistance; if hearing impaired, telephone (305) 375-2007 (TDD) or Florida Relay Service Number 1-800-955-8771, for assistance.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

ISOLYN WHITE,

    Plaintiff,

vs.

WALMART INC. and WAL-MART STORES EAST, LP,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Isolyn White, and by and through undersigned counsel, sues Defendants, Walmart Inc., and Wal-Mart Stores East, LP ("Wal-mart"), and alleges as follows:

**General Allegations**

1. This is an action ~~for damages in excess~~ of Thirty Thousand Dollars ($30,000.00) exclusive of attorney's fees, interest and costs and therefore, within the jurisdiction of this Court.

2. That at all times material hereto Plaintiff, Isolyn White, was and is a resident of Miami - Dade County, Florida and is otherwise sui juris.

3. That at all times material hereto, Wal-Mart, was and is a foreign company organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

4. That at all times material hereto, Walmart Inc., was and is a foreign company organized and existing under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas.

5. The accident, which is the subject matter of this lawsuit, arose in Miami, Miami-Dade County, Florida. Therefore, venue remains in Miami-Dade County, Florida.

## COUNT I - NEGLIGENCE AGAINST WALMART INC

6. Plaintiff, Isolyn White, adopts and realleges all of the allegations in paragraphs 1 through 5 as though fully set forth herein.

7. That on or about July 11, 2019, Defendant, Walmart Inc., was in possession of, managed, maintained and/or controlled a property located at or near 15885 S.W. 88th Street, Miami, Miami-Dade County, Florida.

8. That at said time and place, Plaintiff, Isolyn White, was on said property as a customer, and therefore, was otherwise lawfully on the property.

9. That at said time and place, Plaintiff, Isolyn White, was looking at an organizer an employee retrieved from the shelf, when another organizer fell off the shelf and hit her.

10. That at all times material, Defendant, Walmart Inc., owed Plaintiff the duty to use reasonable care.

11. Defendant, Walmart Inc., breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

   a. Failing to exercise reasonable care in stocking the shelves;

   b. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as an improperly stocked shelf did not exist;

   c. Failing to warn Plaintiff that the items on shelf were likely to fall;

   d. Failing to train their employees on how to properly remove items from the shelves;

   e. Failing to periodically and properly check the stocked shelves to make sure items were securely placed on the shelves; and/or

   f. Walmart Inc.'s employee failed to use reasonable care in causing an item to strike Plaintiff.

12. Defendant, Walmart Inc, had actual knowledge of the dangerous condition; or if Defendant, Walmart Inc., lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant, Walmart Inc., should have known of the condition should have known of it; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

13. That this condition was not readily apparent to someone who could get injured, such as Plaintiff, Isolyn White.

14. At all times material, Defendant, Walmart Inc., had exclusive custody and control of the area where Plaintiff, Isolyn White, was injured.

15. As a result of Defendant, Walmart Inc.'s negligence, Plaintiff, Isolyn White, was injured in and about her body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and her working ability was impaired; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Isolyn White, demands judgment for damages against Defendant, Walmart Inc., in excess of the jurisdictional limits; compensatory damages; any and all taxable costs; and such other relief as this Court deems just and proper.

**COUNT II - NEGLIGENCE AGAINST WAL-MART STORES EAST, LP**

16. Plaintiff, Isolyn White, adopts and realleges all of the allegations in paragraphs 1 through 5 as though fully set forth herein.

17. That on or about July 11, 2019, Defendant, Wal-Mart, was in possession of, managed, maintained and/or controlled a property located at or near 15885 S.W. 88th Street, Miami, Miami-Dade County, Florida.

18. That at said time and place, Plaintiff, Isolyn White, was on said property as a customer, and therefore, was otherwise lawfully on the property.

19. That at said time and place, Plaintiff, Isolyn White, was looking at an organizer an employee retrieved from the shelf, when another organizer fell off the shelf and hit her.

20. That at all times material, Defendant, Wal-Mart, owed Plaintiff the duty to use reasonable care.

21. Defendant, Wal-Mart, breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

    a. Failing to exercise reasonable care in stocking the shelves;

    b. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as an improperly stocked shelf did not exist;

    c. Failing to warn Plaintiff that the items on shelf were likely to fall;

    d. Failing to train their employees on how to properly remove items from the shelves;

    e. Failing to periodically and properly check the stocked shelves to make sure items were securely placed on the shelves; and/or

    f. Wal-mart's employee failed to use reasonable care in causing an item to strike Plaintiff.

22. Defendant, Wal-Mart, had actual knowledge of the dangerous condition; or if Defendant, Wal-Mart, lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant, Wal-Mart, should have known of the condition should have known of it; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

23. That this condition was not readily apparent to someone who could get injured, such as Plaintiff, Isolyn White.

24. At all times material, Defendant, Wal-Mart, had exclusive custody and control of the area where Plaintiff, Isolyn White, was injured.

25. As a result of Defendant, Wal-Mart's, negligence, Plaintiff, Isolyn White, was injured in and about her body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of her injuries, suffered physical handicap, and her working ability was impaired; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Isolyn White, demands judgment for damages against Defendant, Wal-Mart, in excess of the jurisdictional limits; compensatory damages; any and all taxable costs; and such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff demands a jury trial for all issues so triable.

Signed on June 30, 2020.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive
Suite 103
Weston, Florida 33331
Telephone: (954) 515-5000
Facsimile: (954) 659-1380

By: /Whitney Page, Esq./
WHITNEY PAGE, ESQUIRE
Florida Bar No. 1018364
JASON TURCHIN, ESQUIRE
Florida Bar No. 585300

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

ISOLYN WHITE,

    Plaintiff,

CASE NO. 2020013850CA01

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

**DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**

TO: Whitney Page, Esq.
    2883 Executive Park Drive
    Suite 103, Weston, FL, 33331

**PLEASE TAKE NOTICE** that on October 8, 2020, Defendant, Wal-Mart Stores East, LP, in the above titled action filed a Notice of Removal, a copy of which is attached hereto, of the above-titled action to the United States District Court for the Southern District of Florida, Miami Division.

You are also advised that Wal-Mart Stores East, LP, on filing such Notice of Removal in the office of the Clerk of the United States District Court for the Southern District of Florida, Miami Division, also filed copies thereof with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to effect removal pursuant to 28 U.S.C.§1446(d).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by e-portal and e-served this 8th day of October, 2020 to: Whitney Page, Esq. *Attorney for Plaintiff,* Law Offices of Jason Turchin, 2883 Executive Park Drive, Suite 103, Weston, FL 33331 at Litigation2@victimaid.com.

                                                                                     Respectfully submitted,

By:    /s/ *Sophia R. Ward*
            Sophia R. Ward, Esq.
            Florida Bar No.: 86139
            Dakeitha S. Haynes, Esq.
            Florida Bar No.: 1002429
            **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
            *Attorneys for Defendant*
            9300 S. Dadeland Blvd., 4th Floor
            Miami, FL 33156
            Tel: (305) 670-1101
            Fax: (305) 670-1161
            Email: rclyne.pleadings@qpwblaw.com
                      sophia.ward@qpwblaw.com
                      Dakeitha.haynes@qpwblaw.com
                      gcastro@qpwblaw.com
                      Stephanie.clavijo@qpwblaw.com